**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34906**

| | |
|---|---|
| STATE OF IDAHO, | **2009 Opinion No. 50** |
| Plaintiff-Respondent, | |
| | **Filed: June 29, 2009** |
| v. | |
| | **Stephen W. Kenyon, Clerk** |
| LARRY MATTHEWS HOAK, | |
| Defendant-Appellant. | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction for first degree stalking, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Larry Matthews Hoak appeals from his judgment of conviction for first degree stalking. He asserts error in the district court's decision to permit evidence at trial of other misconduct he had committed.

**I.**

**BACKGROUND**

Hoak was charged with first degree stalking, Idaho Code §§ 18-7905, 18-7906, for stalking his former girlfriend through repeated efforts to contact her by letter and telephone in violation of a no-contact order. Before trial, the State filed an Idaho Rule of Evidence 404(b) notice of intent to offer evidence of misconduct by Hoak other than the charged acts.[1] The

_____

[1]     I.R.E. 404(b) states:

1

proffer included evidence of Hoak's prior convictions for violations of no-contact orders and for domestic battery, the victim's testimony regarding unreported prior episodes of physical abuse by Hoak, Hoak's prior verbal abuse and threats of physical violence against the victim, and his alleged prior rape of the victim. Hoak objected, asserting that the alleged prior acts were irrelevant and unfairly prejudicial. The district court held that most of this proffered evidence was relevant to prove two elements of the stalking offense[2]--that Hoak's stalking conduct was done maliciously and that it seriously alarmed the victim and was such as would cause a reasonable person substantial emotional distress.[3] The court gave several limiting instructions, however, both during the course of the testimony and in the final instructions to the jury, stating that evidence of Hoak's wrongful acts other than those for which he was on trial was not to be considered to prove his character or that he had a disposition to commit crimes, but could be

---

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes . . . provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[2] The district court did prohibit the State from introducing evidence of Hoak's prior conviction for domestic battery in its case-in-chief. This testimony was later permitted on cross-examination of Hoak as a result of the district court's conclusion that Hoak's testimony in direct examination opened the door to exploration of the issue on cross-examination.

[3] Idaho Code § 18-7906 defines stalking, in part, as follows:
(1) A person commits the crime of stalking in the second degree if the person knowingly and maliciously:
(a) Engages in a course of conduct that seriously alarms, annoys or harasses the victim and is such as would cause a reasonable person substantial emotional distress; or
(b) Engages in a course of conduct such as would cause a reasonable person to be in fear of death or physical injury, or in fear of the death or physical injury of a family or household member.
Stalking in the *first* degree is proven by showing a violation of § 18-7906, together with any one of several additional factors listed in I.C. § 18-7905, including that "the actions constituting the offense are in violation of a . . . no contact order . . . ." I.C. § 18-7905.

2

considered only for the limited purpose of proving his intent or state of mind and the victim's state of mind.

A jury found Hoak guilty of first degree stalking, with a persistent violator sentence enhancement, and the court entered a judgment of conviction. Hoak now appeals, challenging only the admission of the evidence of his uncharged wrongful conduct.

## II.

## ANALYSIS

Hoak asserts that the district court abused its discretion when it admitted evidence of his alleged prior misconduct. He argues that although at least some of the evidence was relevant to the elements of first degree stalking, it was so unduly prejudicial that it should have been excluded in accordance with I.R.E. 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

After a trial court has determined that "bad acts" evidence is relevant for a permissible purpose and therefore not barred by I.R.E. 404(b), and is adequately proven, the court must also determine whether the danger of unfair prejudice from the evidence substantially outweighs its probative value. I.R.E. 403; *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009); *State v. Parmer*, ___ Idaho ___, ___, 207 P.3d 186, 190 (Ct. App. 2009). If the danger of unfair prejudice does substantially outweigh the probative value, the evidence must be excluded. I.R.E. 403; *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003); *State v. Dragoman*, 130 Idaho 537, 544, 944 P.2d 134, 141 (Ct. App. 1997). A trial court's decision on this matter is reviewed for an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When we review an evidentiary ruling for abuse of discretion, we do so through a multi-tiered inquiry, examining 1) whether the lower court rightly perceived the issue as one of discretion, 2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices, and 3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Hauser*, 143 Idaho 603, 609, 150 P.3d 296, 302 (Ct. App. 2006). The record shows, and Hoak does not appear to contest, that the district court recognized the issue was one of discretion and reached its decision through an exercise of reason. The substance of the parties' dispute centers

3

on whether the court's decision was within the outer boundaries of its discretion and consistent with the applicable legal standards.

Hoak argues that due to its prejudicial nature, no evidence whatsoever of his prior misconduct should have been admitted or, alternately, that even if it was appropriate to admit some of the evidence, its cumulative effect was so prejudicial as to deprive him of a fair trial. He asserts that the volume, nature and degree of the prior acts created a risk that the jury was led to convict on the basis of the alleged past acts, instead of weighing the evidence of the conduct that actually formed the basis of the charged offense.

It must be acknowledged that some of Hoak's prior acts that were placed in evidence were quite unnerving and carried with them a potential for unfair prejudice. They included allegations that Hoak had threatened to cut off Hendricks' legs so she would stay at home, threatened to decapitate her, threatened to blow up her house or burn it down with her inside, and engaged in sex with her against her will. It was thus necessary for the trial court to evaluate whether the danger of unfair prejudice from this evidence substantially outweighed its probative value.

In cases where Idaho appellate courts have found an abuse of the trial court's discretion under Rule 403, generally the evidence in question had little, if any, probative value. *See*, *e.g., State v. Bingham*, 124 Idaho 698, 700, 864 P.2d 144, 146 (1993); *Dragoman*, 130 Idaho at 545, 944 P.2d at 142; *State v. Johnson*, 119 Idaho 852, 858-59, 810 P.2d 1138, 1144-45 (Ct. App. 1991); *State v. Phillips*, 117 Idaho 609, 612, 790 P.2d 390, 393 (Ct. App. 1990). That is not the situation here. Instead, the evidence of Hoak's prior misconduct toward the victim was highly probative to show that his subsequent stalking behavior would have alarmed the victim and would cause a reasonable person substantial emotional distress. It was also relevant to show that the stalking was done "maliciously," the mens rea element of Hoak's charge. I.C. § 18-7906. The significant probative value of this evidence therefore cannot be so readily outweighed by a danger of unfair prejudice as was the challenged evidence in *Bingham*, *Dragoman*, *Johnson* and *Phillips*. While we do not imply that an abuse of discretion will be found only where the probative value of the proffered evidence is minimal or non-existent, we do recognize that the abuse of discretion standard is a stringent one for an appellant to meet and becomes more difficult as the probative value of the evidence in question increases. Here, the district court was presented with evidence that was plainly probative on points that the State was required to

4

demonstrate in order to meet its burden of proof. The court had to determine what evidence was appropriate and what evidence, if any, was so deeply prejudicial that the risk of unfair prejudice substantially outweighed its probative value. The district court responded by allowing most of the evidence, while restricting some evidence and instructing the jury several times, including at one point in the middle of the victim's testimony, that the evidence of prior misconduct was to be considered only for specified limited purposes. While it is possible that other judges, exercising their discretion, would have drawn the line at a different point, we cannot say that the district court's decision here exceeded the boundaries of its discretion.

Although the complained-of evidence carried with it a danger of unfair prejudice, we cannot say that the district court abused its discretion in finding that this danger did not substantially outweigh the evidence's considerable probative value on a material issue in the case. Accordingly, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**