# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39487

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 579 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NORMAN ORTIZ-PEREZ, aka NORMAN | ) | THIS IS AN UNPUBLISHED |
| PEREZ; NORMAN ORTIZ; NORMAN | ) | OPINION AND SHALL NOT |
| PEREZ ORTIZ; NORMAN PEREZ-ORTIZ; | ) | BE CITED AS AUTHORITY |
| RICO; and RIKO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentence for carrying a concealed weapon without a license, vacated and remanded for new trial; judgment of conviction and sentences for felony domestic violence in the presence of a child and malicious injury to property, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Norman Ortiz-Perez appeals from his judgment of conviction entered upon the jury verdicts finding him guilty of felony domestic violence in the presence of a child, Idaho Code §§ 18-903(a), 18-918(2), 18-918(4), misdemeanor malicious injury to property, I.C. § 18-7001(2), and misdemeanor carrying a concealed weapon without a license, I.C. § 18-3302(7).

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ortiz-Perez lived with his girlfriend, Megan. The couple got into an argument regarding accusations of each other "cheating" and regarding Ortiz-Perez's drug use. Megan left and went

with friends to a local bar.  Shortly thereafter, Ortiz-Perez entered the bar and allegedly slapped her.  Megan left and went to her mother's apartment to stay the night.  The next day, Ortiz-Perez went to the mother's apartment and allegedly grabbed Megan by the arms, threw her on the ground, kicked her multiple times in her face and head, and then left the apartment.  Megan's two daughters were present during this incident.

Eventually, Megan called the police and reported the incident.  As police officers were driving to Ortiz-Perez's residence, they spotted him on the road driving his vehicle and initiated a traffic stop.  After confronting Ortiz-Perez, the officers asked him to lift his shirt.  There they found a knife attached to Ortiz-Perez's belt loop and they confiscated it after determining that he did not have a concealed weapon license.

Later, Megan returned to her residence and discovered that the tires of her vehicle were slashed and that several items inside the vehicle were destroyed.  Inside the apartment, she discovered additional damage to her personal property.  She also discovered that some of her items were missing.

Ortiz-Perez was arrested and charged with felony domestic violence in the presence of a child, malicious injury to property, carrying a concealed weapon without a license, and unlawful entry.  The jury convicted him on all charges with the exception of unlawful entry.  The district court imposed a unified term of twenty years with five years determinate for the felony domestic violence conviction and concurrent sentences of one year for malicious injury to property and six months for carrying a concealed weapon without a license.  Ortiz-Perez timely appeals.

## II.

## ANALYSIS

Ortiz-Perez claims that the district court erred by:  (1) admitting his arrest photo into evidence; (2) allowing testimony of his alleged drug use; (3) denying his motion for a judgment of acquittal regarding the concealed weapon charge; and (4) allowing hearsay evidence regarding the concealed weapon charge.  Ortiz-Perez also claims that he is entitled to relief based on cumulative error.

### A.    Arrest Photo

Ortiz-Perez claims that his arrest photo, admitted into evidence, was irrelevant to any disputed issue at trial.  We review questions of relevancy de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993).  "[T]he Rules of Evidence generally govern the

2

admission of *all evidence* in the courts of this State." *State v. Meister*, 148 Idaho 236, 240, 220 P.3d 1055, 1059 (2009). "All relevant evidence is admissible except as otherwise provided by these rules or by other rules applicable in the courts of this state." Idaho Rule of Evidence 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. A district court's decision that evidence is relevant is reviewed for abuse of discretion. *State v. Moore*, 131 Idaho 814, 819, 965 P.2d 174, 179 (1998); *State v. Hoak*, 147 Idaho 919, 921, 216 P.3d 1291, 1293 (Ct. App. 2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In the instant case, Ortiz-Perez's arrest photo was admitted into evidence after the following exchange during the testimony of the arresting police officer:

| | |
|---|---|
| [STATE]: | I'm going to show you what's been marked as State's Exhibit 53. Do you recognize State's Exhibit 53? |
| [OFFICER]: | I do. |
| [STATE]: | And what is it--or how is it that you recognize it, I guess? |
| [OFFICER]: | It's a photo of the defendant, Norman, on the date of his arrest. |
| [STATE]: | Is that a fair and accurate depiction then of what he looked like that afternoon when you arrested him? |
| [OFFICER]: | It is. |
| [STATE]: | You Honor, I move to admit State's Exhibit 53 into evidence. |
| COURT: | Any objection? |
| [COUNSEL]: | I guess I fail to see any relevance. I mean, he's been identified by every witness that he is Norman Ortiz-Perez. |
| COURT: | What's the relevance of the picture? |
| [STATE]: | Your Honor, he looks a little bit differently today than he did at the time. He has been identified by the witnesses, but I think that the jurors will be able to see what he looked like that day as well. |
| COURT: | Then I'm going to admit it for that limited purpose. |

Ortiz-Perez argues that the photo was irrelevant because the identification of Ortiz-Perez was not an issue at trial and the "jury simply did not need to consider how Mr. Ortiz-Perez looked the night of his arrest." The Idaho Supreme Court addressed a similar issue in *State v. Cunningham*,

3

97 Idaho 650, 551 P.2d 605 (1976). In that case, a "[mug shot] was offered to prove an extra judicial identification" of the defendant. *Id.* at 653, 551 P.2d at 608. The Idaho Supreme Court determined that it was not error to admit the mug shot into evidence, noting that the photo showed the change in the defendant's appearance from the time the photo was taken and the time of trial. *Id.*[1] Similarly, this Court held that "[p]hotographs showing the appearance of a person are generally admissible at the discretion of the trial court" so long as the probative value of the photos is not outweighed by any resulting prejudice. *State v. Peters*, 116 Idaho 851, 853, 780 P.2d 602, 604 (Ct. App. 1989). Here, the photo of Ortiz-Perez was offered for the limited purpose of showing what the defendant looked like at the time of his arrest compared to at the time of trial. The district court did not abuse its discretion by admitting the photo for this limited purpose. Even if the court did err by admitting the photo, any error would be harmless. There is nothing prejudicial in how Ortiz-Perez was depicted in the photo. The photo only shows his face, and any reference to the police department or any other criminal reference was removed from the picture.

## B. Ortiz-Perez's Alleged Drug Use

Ortiz-Perez's trial strategy focused on Megan's credibility. During cross-examination of her, defense counsel repeatedly inquired whether she thought Ortiz-Perez was "cheating." Defense counsel attempted to elicit testimony that "cheating" was the subject of the ongoing argument between the couple. Additionally, defense counsel elicited testimony implying that Megan hesitated to report the physical altercation to the police. Following cross-examination the State argued, outside the presence of the jury, that defense counsel's cross-examination, which focused on diminishing Megan's credibility, opened the door to allow the State to provide evidence supporting her credibility. Specifically, the State requested to be able to elicit testimony that the couple's argument prior to the altercation at the bar also included the subject of Ortiz-Perez's drug use, and the fact that Megan was angry that he was using drugs because it could violate her probation. The district court ruled that defense counsel did open the door for the State to elicit testimony of Ortiz-Perez's drug use. Further, the district court ruled that the State could also elicit testimony that Ortiz-Perez threatened to "put dope on" Megan to violate

---

[1] Ortiz-Perez claims that *Cunningham* is distinguishable from the instant case because in *Cunningham* the identification of the defendant was at issue, whereas here, identification was not at issue.

4

her probation, that he told police officers he had "dope" in his vehicle, and that he told a friend that he was "high" when the physical alteration occurred. During redirect examination, the State only elicited testimony that the couple's argument included Ortiz-Perez's drug use and that Ortiz-Perez threatened to "pin dope" on Megan if she called the police.

### 1. Idaho Rule of Evidence 403

On appeal, Ortiz-Perez claims that the district court erred by allowing evidence of his drug use. It appears that Ortiz-Perez is arguing that evidence of his drug use was unduly prejudicial pursuant to I.R.E. 403. Idaho Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice. "When a trial court's application of this balancing test is challenged on appeal, we examine the decision for an abuse of discretion." *State v. Salazar*, 153 Idaho 24, 27, 278 P.3d 426, 429 (Ct. App. 2012) (citing *State v. Birkla*, 126 Idaho 498, 500, 887 P.2d 43, 45 (Ct. App. 1994)).

On appeal, Ortiz-Perez argues that evidence of his drug use was "an attempt to bias the jury against Mr. Ortiz-Perez." However, Ortiz-Perez makes no argument regarding how the evidence resulted in a biased jury. In concluding that the evidence was admissible, the district court performed an I.R.E. 403 balance test. The district court found that the evidence of Ortiz-Perez's drug use was probative of Megan's credibility:

> Now, I went back. I also looked at the motion in limine and I then looked at the ruling. Based on what I've heard at this point, and it starts really with the opening statement as well as this cross examination where, as [defense counsel] says, this is all about her credibility. Therefore, the state is going to be allowed to--both to bring in evidence that shows that she, in fact, is credible. That includes the evidence that he threatened to put dope on her and that he--it's not being offered for the truth of the matter. It goes to her state of mind.
> . . . .
> I also find that the--the threats to put dope on her and his ability to do so do go to fl[u]sh out exactly what this argument--this fighting was all about. And to the extent that the defense at this point is all about her credibility, as [defense counsel] has told me now several times and certainly said that in opening statement, the only thing I heard in the opening statement is she's a liar, she's a liar, she's a liar. That's all I heard. And that's really what happened with the cross-examination.
> So given all that, I think this evidence . . . is probative of her credibility. And I'll be willing to give limiting instructions at the time that these come in.

The district court also stated that the "probative value it has is not substantially outweighed by any unfair prejudice to the defendant." We agree. Credibility is always relevant.

*State v. Hairston*, 133 Idaho 496, 503, 988 P.2d 1170, 1177 (1999) (quoting *State v. Arledge*, 119 Idaho 584, 588, 808 P.2d 1329, 1333 (Ct. App. 1991)). This evidence was used to refute defense counsel's attacks on Megan's credibility. Additionally, the district court provided an instruction to the jury to only consider such evidence for the "limited purpose of proving the defendant's opportunity, intent or plan." We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Based on the foregoing, we conclude that the probative value of the evidence, limited by the court's instruction to the jury, is not substantially outweighed by the potential of biasing the jury. Thus, Ortiz-Perez has failed to demonstrate that the district court abused its discretion.

2.      **Idaho Rule of Evidence 404(b)**

Ortiz-Perez's brief also cites to I.R.E. 404(b). To the extent that Ortiz-Perez is arguing that evidence of his drug use was inadmissible character evidence used to show that he acted in conformity therewith, we disagree. The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). *See also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of a prior crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

In the instant case, the district court specifically stated that evidence regarding Ortiz-Perez's drug use was admissible for the purpose of showing Megan's credibility. The district court further stated, "[b]ut as to her statements that he was doing drugs, what I'm going to do is tell the jury that it's not offered for the truth. It's offered . . . to show the impact it would have

6

on her and go to her state of mind during all of this." Additionally, as discussed above, the court provided an instruction to the jury to only consider such evidence for the "limited purpose of proving the defendant's opportunity, intent or plan." In this case, the evidence was offered to show Ortiz-Perez's intent and plan to "pin dope" on Megan if she contacted the police. The evidence was also relevant to explain the subject matter of the initial argument, which was probative of her credibility. Therefore, the evidence was probative for a purpose other than to show Ortiz-Perez's propensity. *See State v. Hauser*, 143 Idaho 603, 613, 150 P.3d 296, 306 (Ct. App. 2006) (holding that evidence regarding a drug purchase by the defendant was admissible to explain why a witness, whose credibility was central to the case, initially gave an untruthful account to police officers).

## C. Motion for Acquittal

Ortiz-Perez claims that the district court erred when it denied his motion for a judgment of acquittal regarding his concealed weapon charge because there was insufficient evidence to prove that he did not have a concealed weapon license. Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test, applied when reviewing the district court's ruling on a motion for judgment of acquittal, is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In the instant case, defense counsel requested a judgment of acquittal on the charge of carrying a concealed weapon without a license. Defense counsel argued that the State failed to establish the element that Ortiz-Perez did not have a concealed weapon license. The only evidence produced at trial regarding a concealed weapon license was the testimony of a police officer. The officer testified that, as a matter of business, when police officers make a traffic stop they will "run a driver's license check to make a criminal history check." During this check, the dispatcher will notify the officers if the individual has a concealed weapon license. The police officer testified that when the assist officer ran the checks on Ortiz-Perez, the dispatcher did not notify the officers that Ortiz-Perez had a concealed weapon license. The district court found that there was sufficient evidence "from which a jury could infer that there is, in fact, no concealed weapons license." We agree. The evidence before the court at that time established that if a person had a concealed weapon license, dispatch would notify the police officers. Dispatch did not inform the officers of the existence of a license. Therefore, substantial evidence supports the district court's finding that the State established sufficient evidence for the jury to convict Ortiz-Perez of carrying a concealed weapon without a license.

**D.    Hearsay Evidence**

Ortiz-Perez claims that the district court erred by allowing, over objection, the police officer to offer hearsay-within-hearsay testimony regarding the concealed weapon charge. Pursuant to I.R.E. 805, each part of a hearsay-within-hearsay statement must conform to a hearsay exception in order to be admissible. In the instant case, the hearsay-within-hearsay statement arose during the following portion of the police officer's testimony:

| | |
|---|---|
| STATE: | So did you do that--that running of the information through dispatch in this case? |
| OFFICER: | One of my assist officers did. |
| STATE: | And did you become aware of whether or not the defendant had a weapon--or a permit to carry a concealed weapon? |
| COUNSEL: | Judge, I'm going to object. This is hearsay. |
| STATE: | Your Honor, I think it comes in under [I.R.E. 803(7)]. |
| COURT: | I'll overrule it. |
| OFFICER: | Yeah, dispatch did not make us aware--or did not tell us that he had a valid concealed weapons permit. |

Ortiz-Perez argues that I.R.E. 803(7)[2] only applies to the statement from dispatch to the assist officer and that no hearsay exception applies to admit the statement from the assist officer to the testifying police officer. The State concedes error in the admission of this testimony and concedes that the error was not harmless. Accordingly, the State concedes that Ortiz-Perez is entitled to a new trial on the charge of carrying a concealed weapon without a license.

**E.     Cumulative Error**

Ortiz-Perez claims that accumulation of errors that occurred during trial warrant a new trial. The cumulative error doctrine refers to an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant's right to due process. *State v. Moore*, 131 Idaho 814, 823, 965 P.2d 174, 183 (1998). The presence of errors alone, however, does not require the reversal of a conviction because, under due process, a defendant is entitled to a fair trial, not an error-free trial. *Id.* Although Ortiz-Perez has demonstrated that the admission of hearsay evidence was error, he has failed to demonstrate that there were multiple errors to cumulate. Therefore, the cumulative error doctrine does not apply.

## III.

## CONCLUSION

The district court's admission of hearsay evidence requires vacating the conviction for misdemeanor carrying a concealed weapon without a license. Otherwise, Ortiz-Perez has failed to demonstrate any reversible error. Accordingly, the district court's judgment of conviction and sentence for carrying a concealed weapon without a license is vacated and remanded for a new trial. The district court's judgment of conviction and sentences for felony domestic violence in the presence of a child and malicious injury to property are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[2]     Idaho Rule of Evidence 803(7) provides:

> Absence of entry in records kept in accordance with the provisions of paragraph (6). Evidence that a matter is not included in the memoranda, reports, records, or data compilations, in any form, kept in accordance with the provisions of paragraph (6), to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate lack of trustworthiness.