# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41303

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 335 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  February 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRICK IAN RODRIGUEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

Judgment of conviction on four counts of sexual battery of a minor child sixteen or seventeen years of age, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

WALTERS, Judge Pro Tem

Patrick Ian Rodriguez appeals from the judgment of conviction on four counts of sexual battery of a minor child sixteen or seventeen years of age.  I.C. § 18-1508A.  During Rodriguez's jury trial, for the purpose of establishing that his intent with respect to the charged conduct with the minor was for sexual gratification, the State was allowed to introduce evidence that Rodriguez had asked two adult women, a friend of his then-wife and his then-wife's stepmother, if he could see and/or touch their breasts.  On appeal, Rodriguez raises a single issue.  He asserts that the district court abused its discretion when it concluded that the probative value of the evidence involving the two adult women was not substantially outweighed by the danger of unfair prejudice.  We conclude that the district court did not abuse its discretion and therefore affirm the judgment of conviction.

1

## BACKGROUND FACTS

Rodriguez was charged with sexually battering his stepdaughter, K.S., on several separate occasions when K.S. was between the ages of sixteen and seventeen years old. The evidence submitted at trial showed that the first incident of abuse occurred when K.S. had just gotten out of the shower and was walking from the bathroom to her bedroom wearing only a towel. Rodriguez stopped K.S. in the hallway and told her "he wanted to make sure that everything was okay" and "wanted to parent [K.S.] in the best way that he knew how to." He asked K.S. to open up her towel and, when K.S. complied, Rodriguez "visually inspected" and then touched and "fe[lt] around" K.S.'s unclothed breasts.

Rodriguez engaged in similar conduct with K.S. on multiple occasions during the spring of 2007 and 2008. Within that same timeframe, Rodriguez also touched K.S.'s vagina on a number of different occasions while K.S. was wearing only a towel. In doing so, Rodriguez again told K.S. that "he wanted to parent [her] in the best way that he knew how and wanted to take care of [her]." He also said, "he wanted to make sure that everything was okay down there and that [K.S.'s] panties were fitting a little too tight." Under this guise, Rodriguez knelt down and "visually inspect[ed]" K.S.'s unclothed vagina and then "touch[ed] the lips" and "open[ed] it up a little bit."

During a police interview, Rodriguez admitted to having touched K.S.'s breasts but claimed he did so only to check for abnormalities, not for any sexual purpose. He also admitted to having checked the fit of K.S.'s panties while they were on her and claimed that, if he touched K.S.'s vagina, it was accidental and for a nonsexual purpose.

A grand jury indicted Rodriguez on four counts of sexual battery of a minor child sixteen or seventeen years of age. Before trial, the State filed a "Notice of Intent to Use I.R.E. 404(b)." Specifically, the State gave notice of its intent to present evidence that on multiple occasions "in the last three to four years" Rodriguez asked his wife's friend if he could see her breasts, and that on one occasion he asked his wife's stepmother if he could see and/or touch her breasts. Rodriguez objected to the proposed evidence, arguing it was not relevant for any proper purpose and, even if it was, its probative value was substantially outweighed by the danger of unfair prejudice. After a hearing, the district court ruled the proposed evidence would come in over the Idaho Rule of Evidence 404(b) objection because it was "relevant as to the essential element of

intent" as it related to the sexual battery charges in this case. The court also determined any danger of unfair prejudice could be ameliorated by a limiting instruction directing the jury to only consider the evidence for its proper purpose. The court thus permitted the State to present the evidence at trial.

Immediately following presentation of the evidence, the court instructed the jury as follows:

> Ladies and gentlemen of the jury, you have heard evidence that on other occasions, the defendant engaged in conduct of a sexual nature with two adult women. This evidence is not to be considered in order to show that the defendant is a bad character or that he has the propensity to engage in such conduct.
> If and to the extent you believe the testimony, you may only consider it as it may relate to the defendant's intent in engaging in the alleged conduct described in Counts 3 and 4 of the indictment [*i.e.*, the counts alleging Rodriguez sexually battered K.S. "by groping her breast(s)"].

The jury found Rodriguez guilty as charged of four counts of sexual battery. Rodriguez moved for a new trial, arguing the court erred in admitting the State's I.R.E. 404(b) evidence. The district court denied the motion. Rodriguez timely appealed from the judgment of conviction.

## II.

## DISCUSSION

Rodriguez does not challenge the trial court's determination that the evidence was relevant to show his intent as it related to the charged crimes; rather, he argues only that the danger of unfair prejudice in admitting the other act evidence substantially outweighed its probative value,[1] and as such, the district court abused its discretion when it admitted the evidence over his objection.

A trial court's determination that the probative value of evidence of other bad acts for a permissible purpose is not substantially outweighed by the danger of unfair prejudice "is discretionary and will not be disturbed on appeal unless it is shown to be an abuse of discretion." *State v. Almaraz*, 154 Idaho 584, 591, 301 P.3d 242, 249 (2013) (citing *State v. Field*, 144 Idaho 559, 569, 165 P.3d 273, 283 (2007); *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991)); *see also* I.R.E. 403. When the appellate court reviews an evidentiary ruling for an abuse of discretion, it conducts "a multi-tiered inquiry, examining (1) whether the lower court rightly

---

[1]    In his argument, Rodriguez characterizes the probative value of the evidence as "minimal."

perceived the issue as one of discretion, (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices, and (3) whether the court reached its decision by an exercise of reason." *State v. Hoak*, 147 Idaho 919, 921, 216 P.3d 1291, 1293 (Ct. App. 2009) (citation omitted).

Evidence of other crimes, wrongs, or acts is inadmissible to prove the character of the defendant in an attempt to show that he or she committed the crime for which he or she stands trial. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). However, such evidence is admissible if (a) it is relevant to prove some issue other than the defendant's character (*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident), and (b) its probative value for the proper purpose is not substantially outweighed by the probability of unfair prejudice. I.R.E. 403, 404(b); *State v. Cross*, 132 Idaho 667, 670, 978 P.2d 227, 230 (1999); *State v. Phillips*, 123 Idaho 178, 180, 845 P.2d 1211, 1213 (1993); *State v. Gauna*, 117 Idaho 83, 87, 785 P.2d 647, 651 (Ct. App. 1989). The second prong of this test only excludes evidence if the danger of unfair prejudice substantially outweighs its probative value. *State v. Sheahan*, 139 Idaho 267, 275-76, 77 P.3d 956, 964-65 (2003). This weighing process is "committed to the judge's sound discretion." *State v. Buzzard*, 110 Idaho 800, 802, 718 P.2d 1238, 1240 (Ct. App. 1986).

Applying the above legal principles, the district court found that evidence that Rodriguez asked on more than one occasion to look at or feel the breasts of two adult women was "relevant as to the essential element of intent," particularly as it related to Counts 3 and 4 of the indictment that charged Rodriguez with sexual battery by having groped K.S.'s breasts with the intent to gratify his own sexual desire. Although the court concluded the evidence was relevant for this permissible purpose, it "also very well appreciate[d] that even though relevant, some evidence may not be admitted if there's substantial danger that the relevance of [the] evidence is substantially outweighed by the danger of unfair prejudice." The district court thus engaged in the I.R.E. 403 weighing process and ultimately concluded that, with an appropriate limiting instruction, the probative value of the evidence to show Rodriguez's sexual intent would not be substantially outweighed by the danger of unfair prejudice.

Clearly, the court understood its discretion and acted within the bounds of that discretion in weighing the potential for unfair prejudice. Furthermore, the district court specifically recognized this potential for unfair prejudice and minimized the risk of such prejudice by giving

a limiting instruction directing the jury to consider the evidence only for its proper purpose. We can assume that the jury followed the district court's instruction, *see State v. Pepcorn*, 152 Idaho 678, 690, 273 P.3d 1271, 1283 (2012), and thus there was no risk that the jury considered the evidence for anything other than its proper purpose. Rodriguez has thus failed to show the trial court abused its discretion in concluding that, with an appropriate limiting instruction, the risk of unfair prejudice did not outweigh the probative value of the evidence to rebut Rodriguez's claim that he touched K.S.'s breasts for a nonsexual purpose. *See State v. Marks*, 156 Idaho 559, 566, 328 P.3d 539, 546 (Ct. App. 2014) (although evidence of other bad acts "carried some risk that the jury would use it for an improper purpose," trial court did not abuse its discretion in concluding that, with a limiting instruction, risk of unfair prejudice did not substantially outweigh probative value of evidence for permissible purpose).

## III.

## CONCLUSION

We conclude the district court did not abuse its discretion in determining that the risk of unfair prejudice did not substantially outweigh the probative value of the questioned evidence. Consequently, the judgment of conviction on four counts of sexual battery of a minor sixteen or seventeen years of age is affirmed.

Chief Judge MELANSON and Judge LANSING, **CONCUR**.