205 P.3d 1185

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Harold E. GRIST, Jr., Defendant– Appellant.**

**No. 33652.**

Supreme Court of Idaho, Boise, June 2008 Term.

Jan. 29, 2009.

Rehearing Denied April 20, 2009.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin Curtis argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Daniel Bower argued.

HORTON, Justice.

This appeal arises from Harold Grist's conviction for seven counts of lewd conduct with a minor under the age of sixteen, two counts of sexual battery of a minor, and one count of sexual abuse of a child under the age of sixteen. Grist argues that the district court improperly admitted evidence relating to prior uncharged sexual misconduct. We vacate and remand for further proceedings and a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Grist of sexually abusing his live-in girlfriend's daughter, J.M.O., over a period of eight years. The abuse started shortly after Grist and J.M.O.'s mother moved in together when J.M.O. was ten years old. Grist would have J.M.O. sit on his lap while he rubbed his pelvis against her. The abuse progressed as J.M.O. grew older. Eventually, Grist started to touch J.M.O.'s breasts, buttocks, and vagina. Grist would

also force J.M.O. to undress for him. The abuse stopped when J.M.O. moved out of the house after she graduated from high school.

Prior to trial, the State filed a motion pursuant to I.R.E. 404(b) to admit evidence of prior uncharged acts of sexual misconduct as evidence of a common scheme or plan. The evidence indicated that Grist previously sexually abused his ex-wife's daughter, A.W. The district court permitted A.W. to testify, finding the evidence to be relevant to Grist's "alleged conduct." A.W. testified that she lived with Grist from ages eight until thirteen and that Grist would ask her to sit on his lap or lay and cuddle with him. During this time, Grist would touch A.W.'s breasts and buttocks. The jury convicted Grist of all ten charged counts relating to his conduct with J.M.O. Grist timely appealed.

## II. STANDARD OF REVIEW

■ We review a trial court's decision to admit evidence for abuse of discretion. *State v. Field*, 144 Idaho 559, 564, 165 P.3d 273, 278 (2007) (citing *State v. Robinett*, 141 Idaho 110, 112, 106 P.3d 436, 438 (2005)). In this review, we examine whether: (1) the trial court correctly perceived the issue as discretionary; (2) the trial court acted within the outer bounds of its discretion and with applicable legal standards; and (3) the trial court reached its decision through an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (citing *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

## III. ANALYSIS

Grist asks this Court to overturn *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991), and *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992), which permit a trial court to admit evidence of uncharged sexual misconduct in child sex crime cases, pursuant to Idaho Rule of Evidence 404(b). Grist argues that Idaho courts have treated the admission of evidence pursuant to I.R.E. 404(b) in child sex crime prosecutions differently than other cases under Rule 404(b). Grist argues that the admission of evidence of uncharged sexu-

al misconduct by a defendant has evolved into a blanket exception that turns on whether the case involves allegations of sexual misconduct with a child. Grist asks this Court to hold that the admissibility of evidence pursuant to I.R.E. 404(b) in child sex crime cases is subject to the same analysis under I.R.E. 404(b) as other cases.

We decline to overrule *Moore* and *Tolman* in their entirety. However, as these decisions have been interpreted as creating an exception in child sex cases to the prohibition of character evidence, we find it necessary to revisit a theoretical underpinning for the introduction of uncharged misconduct in cases involving the sexual abuse and exploitation of children. We further clarify that the admission of I.R.E. 404(b) evidence in a child sex case is subject to the same analysis as the admission of such evidence in any other case. Any decision from this Court or the Court of Appeals that suggests that evidence offered in a case involving an allegation of sexual misconduct with a child should be treated differently than any other type of case is no longer controlling authority in Idaho's courts.

Grist is not the first person to point out that Idaho courts appear to distinguish child sex crime cases from other cases for purposes of I.R.E. 404(b). Professor Lewis notes the following in his treatise on trial practice in Idaho:

> [I]n sex crime prosecutions, particularly those involving minors, the courts have used a variety of rationales to justify the admission of evidence of a defendant's uncharged deviant sexual misconduct, including admission on the issue of credibility, to corroborate the victim's testimony, to show plan or intent, and on the issue of identity. *Indeed, the evidence has been held to have been properly admitted so often that it seems to constitute a special exception to the character evidence prohibition.*

D. CRAIG LEWIS, IDAHO TRIAL HANDBOOK 2D ED., § 13:1 (2005) (emphasis added). Although this Court has not expressly stated that there is a distinction between child sex crime cases and other cases for purposes of I.R.E. 404(b),[1] the Court of Appeals has

---

**1.** This Court acknowledged the apparently dis- crepant treatment of such cases in *Field:*

found that our decisions in *Moore* and *Tolman* create such a distinction. In *State v. Wood,* 126 Idaho 241, 880 P.2d 771 (Ct.App. 1994), the Court of Appeals stated "we understand our Supreme Court's rulings in *Moore* and *Tolman* to be limited in their application to sexual abuse cases where other similar incidents of sexual misconduct by the defendant with the same or similar victims tends to corroborate a child victim's version of the charged incident." *Id.* at 247, 880 P.2d at 777.

### A. I.R.E. 404(b) admissibility standard

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. I.R.E. 404(b); *Field,* 144 Idaho at 569, 165 P.3d at 283. This rule has its source in the common law. The common law rule was that "the doing of a criminal act, not part of the issue, is not admissible as evidence of the doing of the criminal act charged." *See* WIGMORE, CODE OF EVIDENCE, 3D ED., p. 81; *see also, Old Chief v. U.S.,* 519 U.S. 172, 181–82, 117 S.Ct. 644, 650–51, 136 L.Ed.2d 574, 588–89 (1997) (noting that Federal Rule of Evidence 404(b) reflects the common law).[2]

The policy underlying the common law rule was the protection of the criminal defendant. *See* 22 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE, § 5239, pp. 436–439. "The prejudicial effect of [character evidence] is that it induces the jury to believe the accused is more likely to have committed the crime on trial because he is a man of criminal character." *State v. Wrenn,* 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978). Character evidence, therefore, takes the jury away from their primary consideration of the guilt or innocence of the particular crime on trial. *Id.* The drafters of I.R.E. 404(b) were careful to guard against the admission of evidence that would unduly prejudice the defendant, while still allowing the prosecution to present probative evidence.

Admissibility of evidence of other crimes, wrongs, or acts when offered for a permitted purpose is subject to a two-tiered analysis. First, the trial court must determine whether there is sufficient evidence to establish the other crime or wrong as fact. M. CLARK, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 404, p. 4 (4th Supp. 1985) (citing *U.S. v. Beechum,* 582 F.2d 898 (5th Cir.1978) (en banc), *cert denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *U.S. v. O'Brien,* 618 F.2d 1234, 1239 (7th Cir.1980)). The trial court must also determine whether the fact of another crime or wrong, if established, would be relevant. *Id.* Evidence of uncharged misconduct must be relevant to a material and disputed issue concerning the crime charged, other than propensity. *Field,* 144 Idaho at 569, 165 P.3d at 283 (citing I.R.E. 404(b); *Moore,* 120 Idaho at 745, 819 P.2d at 1145). Such evidence is only relevant if the jury can reasonably conclude that the act occurred and that the defendant was the actor. *Beechum,* 582 F.2d at 912–13.

Second, the trial court must engage in a balancing under I.R.E. 403 and determine whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. M. CLARK, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 404, p. 4 (4th Supp.1985); *State v. Sheahan,* 139 Idaho 267, 275, 77 P.3d 956, 964 (2003) (citing *State v. Law,* 136 Idaho 721, 726, 39 P.3d 661, 666 (Ct.App.2002); *State v. Cannady,* 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002); I.R.E. 403). This balancing is committed to the discretion of the trial judge. *Field,* 144 Idaho at 569, 165 P.3d at 283. The trial court must determine each of these considerations of admissibility on a case-by-case basis. M. CLARK, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 404, p. 4 (4th Supp.1985).

---

In sex crime prosecutions involving minors, the admission of uncharged deviant sexual misconduct has in many cases been "difficult to square . . . with the character evidence prohibition." D. Craig Lewis, Idaho Trial Handbook, § 13.9 (1995). The explanation may "be found in the unstated belief that sexual deviancy is a character trait of especially powerful

probative value for predicting a defendant's behavior, and that relaxation of the propensity evidence ban is warranted in these cases." *Id.* 144 Idaho at 569–70, 165 P.3d at 283–84.

2. Idaho Rule of Evidence 404(b) is substantially identical to F.R.E. 404(b).

■ In the instant case, the district court admitted evidence of Grist's prior, uncharged sexual misconduct with his ex-wife's daughter. When ruling on the admission of this evidence, the district court expressed discomfort with the status of I.R.E. 404(b) jurisprudence in Idaho, stating:

Well, I have had the opportunity to review *Moore* along with a number of other cases that have addressed this issue and, well, I'll tell [you] that I'm not really comfortable with the analysis of *Moore*, but I'm certain certainly I think stuck with the state of appellate law regarding these kinds of issues.

I think that there has largely been a class of cases that have developed that are unique to sexual abuse cases. And I'm—I think that I'm bound to follow that.

I think the evidence submitted to me by way of the offer of proof from the state is relevant to a material disputed issue in this matter, that is, defendant's alleged conduct, and though certainly prejudicial to the defense, I believe that the probative value would substantially outweigh the danger of that unfair prejudice.

In reaching this decision, the district court acted without benefit of our subsequent decision in *Field,* in which we cautioned "there must be limits to the use of bad acts evidence to show a common scheme or plan in sexual abuse cases." 144 Idaho at 570, 165 P.3d at 284. The district court correctly observed that precedent from this Court and the Court of Appeals is binding upon the district courts in Idaho. *State v. Guzman,* 122 Idaho 981, 986, 842 P.2d 660, 665 (1992). Although the district court was applying controlling precedent from the appellate courts of this state, the district court did not determine whether there was sufficient evidence to establish as fact Grist's prior uncharged sexual misconduct with A.W. nor did the district court articulate whether the evidence was probative because it demonstrated the existence of a common scheme or plan or because it tended to otherwise corroborate J.M.O.'s testimony.

As will be discussed in the following section, trial courts must carefully scrutinize evidence offered as "corroboration" or as demonstrating a "common scheme or plan" in order to avoid the erroneous introduction of evidence that is merely probative of the defendant's propensity to engage in criminal behavior. Accordingly, we vacate the judgment of conviction and remand for a new trial. We do not decide the admissibility of the evidence at issue in this case. The district court will make that determination on remand in exercise of its discretion.

**B. Corroboration**

Prior to this Court's decision in *State v. Byers,* 102 Idaho 159, 627 P.2d 788 (1981), a defendant could not be convicted of a sex crime unless other evidence corroborated the victim's allegations. In *Byers,* we rejected the corroboration requirement in sex crime cases. 102 Idaho at 165, 627 P.2d at 793. Prior to *Byers,* evidence of prior uncharged sexual misconduct was one avenue of providing corroborating evidence. *Moore,* 120 Idaho at 745–46, 819 P.2d at 1145–46. Nevertheless, in *Moore,* despite our abandonment of the corroboration requirement in prosecutions for sexual offenses, this Court held that although corroborating evidence "is no longer mandatorily required in all sex crime cases, corroborating evidence may still be relevant, particularly in sex crime cases involving minor victims." 120 Idaho at 746, 819 P.2d at 1146 (footnote omitted).

We explained this conclusion as follows: "Corroborative evidence in sex crime cases involving youthful victims is often times necessary to establish the credibility of a young child. Too often the determination of the case rests strictly upon establishing that the victim's testimony is more credible than that of the alleged perpetrator." *Id.*

■ In this case, the State argues that Grist's prior acts of uncharged sexual misconduct corroborate J.M.O.'s testimony. This is a legitimate argument under *Moore* and its progeny. However, we wish to emphasize that evidence offered for the purpose of "corroboration" must actually serve that purpose; the courts of this state must not permit the introduction of impermissible propensity evidence merely by relabeling it as

"corroborative" or as evidence of a "common scheme or plan."

The verb "corroborate" is defined as follows:

> To strengthen; to add weight or credibility to a thing by additional and confirming facts or evidence. The testimony of a witness is said to be corroborated when it is shown to correspond with the representation of some other witnesses, or to comport with some facts otherwise known or established.

BLACK'S LAW DICTIONARY, 311 (5th ed.1979).

■ Although we can envision instances in which evidence of uncharged misconduct will tend to reinforce the credibility of a witness without reliance on the impermissible theory of the defendant's propensity to engage in such misconduct, we will not attempt to identify all circumstances in which such evidence properly may be admitted. Rather, we will identify the instance in which such evidence may not be admitted: Evidence of uncharged misconduct may not be admitted pursuant to I.R.E. 404(b) when its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior.

*Moore* demonstrates the impermissible reasoning of which we warn. In *Moore*, this Court attempted to explain the manner in which uncharged misconduct may serve as corroboration, quoting from a UCLA law review article:

> [A]dmission of corroborative evidence serves the dual purpose of reducing the probability that the prosecuting witness is lying, while at the same time increasing the probability that the defendant committed the crime.

Other Sex Offenses, 25 UCLA L.Rev. 261, 286 (1977).

*Id.*

In our view, the theoretical underpinning of the admissibility of uncharged misconduct for purposes of "corroboration" as articulated in *Moore* is indistinguishable from admitting such evidence based upon the accused's propensity to engage in such behavior based upon his or her past behavior. Although we have consistently stated that use of character

evidence to demonstrate a propensity to commit crime is impermissible, *see, e.g. State v. Yakovac,* 145 Idaho 437, 445, 180 P.3d 476, 484 (2008), our explanation in *Moore* could have just as easily been stated as follows: "If the defendant has committed another sex offense, it is more probable that he committed the offense for which he is charged, thus reducing the probability that the prosecuting witness is lying, while at the same time increasing the probability that the defendant committed the crime." The unstated premise in *Moore* is simply this: "If he did it before, he probably did it this time as well." This complete reliance upon propensity is not a permissible basis for the admission of evidence of uncharged misconduct.

We do not overrule *Moore* in its entirety. *Moore* correctly states: "Where relevant to the credibility of the parties, evidence of a common criminal design is admissible." 120 Idaho at 746, 819 P.2d at 1146. This statement is consistent with I.R.E. 404(b)'s recognition that evidence may be admissible for certain purposes, including "preparation, plan, knowledge, [and] identity," which purposes are most frequently grouped together under the rubric of "common scheme or plan." In *Tolman,* we cautioned against an expansive interpretation of "common scheme or plan," stating: "We do not suggest today that any and all evidence of prior sexual misconduct is admissible in sex crime cases merely by placing it under the rubric of corroborative evidence of a common scheme or plan." 121 Idaho at 905, 828 P.2d at 1310. In *Field,* we again cautioned "there must be limits to the use of bad acts evidence to show a common scheme or plan in sexual abuse cases." 144 Idaho at 570, 165 P.3d at 284.

Although we have not done so recently, subsequent to our adoption of the Idaho Rules of Evidence in 1985, we provided guidance as to when evidence of other bad acts may properly be admitted. In *State v. Pizzuto,* 119 Idaho 742, 810 P.2d 680 (1991), *overruled on other grounds by State v. Card,* 121 Idaho 425, 825 P.2d 1081 (1991), we stated that such evidence may be admissible "if relevant to prove ... a common scheme or plan embracing the commission of two or more crimes *so related to each other* that

proof of one tends to establish the other, knowledge, identity, or absence of mistake or accident." *Id.* at 750–51, 810 P.2d 680, 688–89 (1991) (emphasis added) (citing I.R.E. 404(b); *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978); *State v. Walker,* 109 Idaho 356, 707 P.2d 467 (Ct.App.1985)).[3] We once again caution the trial courts of this state that they must carefully examine evidence offered for the purpose of demonstrating the existence of a common scheme or plan in order to the determine whether the requisite relationship exists.

Idaho Rule of Evidence 101(b) provides that the Idaho Rules of Evidence "govern all actions, cases and proceedings in the courts of the State of Idaho." In our view, there is no principled basis for relaxing application of these rules to facilitate prosecution of a single class of criminal offenses. We continue to recognize that, in appropriate cases, evidence of uncharged misconduct may be probative as reflecting a common scheme or plan or to otherwise corroborate the testimony of a witness. However, the scope of evidence that may properly be admitted pursuant to I.R.E 404(b) is no greater in sex crime cases than it is for any other type of case. The trial courts of this state must carefully scrutinize evidence offered under I.R.E. 404(b) for purposes of "corroboration" as demonstrating a "common scheme or plan" in order to determine whether such evidence actually serves the articulated purpose or whether such evidence is merely propensity evidence served up under a different name.

As the district court determined that the proffered evidence was governed by a body of law unique to sexual abuse cases, we vacate the judgment and remand for proceedings consistent with this opinion.

## IV. CONCLUSION

■ We clarify that the Idaho Rules of Evidence require that trial courts treat the admission of evidence of uncharged misconduct in child sex crime cases no differently than the admission of such evidence in other

cases. Accordingly, we vacate the judgment of conviction and remand for further proceedings and a new trial consistent with this opinion.

Chief Justice EISMANN, Justices BURDICK and J. JONES concur.

W. JONES, J. specially concurring:

I concur with the majority opinion; however, I write separately because I fail to see the clarifying picture that the majority seeks to paint.

I completely agree that "complete reliance upon propensity [evidence] is not a permissible basis for the admission of evidence of uncharged misconduct." But, I disagree that this Court's opinion in *State v. Moore* requires any clarification. This Court in *Moore* clearly stated that I.R.E. 404(b) does not allow for the admission of "[o]ther crimes, wrongs or acts" unless the evidence is offered for another purpose such as, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *State v. Moore,* 120 Idaho 743, 745 n. 2, 819 P.2d 1143, 1145 n. 2 (1991); I.R.E. 404(b). A very clear test was outlined in *Moore:*

> A two-tiered analysis is used to determine the admissibility of evidence concerning uncharged misconduct. First, the evidence must be relevant to a material and disputed issue concerning the crime charged. Second, the court must determine whether the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant [pursuant to I.R.E. 403].

*State v. Moore,* 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). Therefore, the trial court is to engage in three steps: (1) whether the evidence of another crime, wrong or act is being offered for a purpose other than to prove acting in conformity therewith; (2) whether the evidence is relevant to a materi-

---

**3.** The statement in *Pizzuto* identifying the permissible use of evidence of uncharged misconduct was first articulated prior our adoption of the Idaho Rules of Evidence. However, the adop-

tion of I.R.E. 404(b) was not expected or intended to change existing Idaho law. M. CLARK, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 404, p. 4 (4th Supp.1985).

**56**

al and disputed issue;[4] and (3) whether the probative value of the evidence is outweighed by the danger of unfair prejudice. In *Moore*, the court did in fact engage in such an analysis: (1) Moore had been accused of prior sexual misconduct by abusing other young females and it was being offered to show a common scheme or plan to sexually exploit an *identifiable* group in an *identifiable* manner; (2) the evidence was relevant because it corroborated the victim's story *and* the defendant had called the victim's credibility into question; and (3) the probative value of offering the testimony outweighed any danger of unfair prejudice.[5]

This Court has also cautioned against an overly broad reading or interpretation of the principles of I.R.E. 404(b) in relation to child sex abuse cases. "We do not suggest today that any and all evidence of prior sexual misconduct is admissible in sex crime cases merely by placing it under the rubric of corroborative evidence of a common scheme or plan." *State v. Tolman*, 121 Idaho 899, 905, 828 P.2d 1304, 1310 (1992). The Court of Appeals heeded that cautionary statement and interpreted *Moore* and *Tolman* "to be limited in their application to sexual abuse cases where other similar incidents of sexual misconduct by the defendant with the same or similar victims tends to corroborate a child victim's version of the charged incident." *State v. Wood*, 126 Idaho 241, 247, 880 P.2d 771, 777 (Ct.App. 1994). This interpretation was made in error. The evidence would be admissible under the test in any circumstance where evidence of other crimes, acts or wrongs is being offered for a purpose other than to prove acting in conformity therewith. In instances of sexual abuse cases the court must engage in the same analysis pursuant to I.R.E. 404(b) and I.R.E. 403. Therefore, I concur with the majority's conclusion that "trial courts [must] treat the admission of evidence of uncharged miscon-

duct in child sex crime cases no differently than the admission of such evidence in [any] other case[ ]."

---

4. In *Moore*, the Court found the evidence relevant because the defendant was contesting the victim's credibility. The Court found that corroboration evidence that verifies the victim's story as relevant because of the degree of corroboration. That is, the other crimes showed the defendant exploits "young female children living within his household." *Moore*, 120 Idaho at 745, 819 P.2d at 1145.

5. As noted in the dissenting opinion, the majority in *Moore* only did a conclusory analysis of whether the probative value of the evidence outweighs any danger of unfair prejudice. In most cases the probative value will be outweighed by the danger of unfair prejudice; a court must engage in some form of analysis of how the probative value outweighs the prejudice.