Judge LANSING,
Concurring in the Result.
I concur in all parts of the majority opinion except the conclusion in Section 11(B) that H.O.’s testimony that she had reported sexual abuse by Osterhoudt when she was five years old was relevant to rebut the defense allegation that H.O. had recently fabricated the allegations for which Osterhoudt was charged. According to the majority opinion, H.O.’s own testimony about the prior disclosure is relevant to rebut the defense claim that H.O. fabricated the charges after Osterhoudt forbade her to see her boyfriend. While I agree that evidence of a disclosure made prior to the alleged motive to lie would be relevant to rebut the defense claim, logic tells me that to be relevant such evidence must come from a source other than H.O.’s testimony.[1] Her own testimony about a pri- *877 or disclosure cannot logically rebut a claim of recent fabrication because H.O.’s testimony in court is itself presented after the alleged motive to fabricate arose. What is needed to rebut a claim of recent fabrication is evidence from a source other than the testimony of the alleged fabricator showing that the alleged fabricator made the same or similar accusations before the existence of the motive to lie. If H.O. had a motive to fabricate at the time of trial, her testimony that she reported sex abuse at age five is just as likely to be fabricated as her testimony that she was sexually abused from ages eleven to fourteen. Logically, her trial testimony about a prior disclosure does not reduce the probability that H.O. is lying about the charged offenses.
The majority opinion holds, in substance, that H.O.’s testimony about the prior disclosure somehow corroborates her testimony about the subsequent abuse, but in my view that idea is without support and logic. The Idaho Supreme Court recently cautioned against admission of evidence for corroboration when it does not actually serve that function. In State v. Grist, 147 Idaho 49, 53-54, 205 P.3d 1185, 1189-90 (2009), the Court said: “[W]e wish to emphasize that evidence offered for the purpose of ‘corroboration’ must actually serve that purpose; the courts of this state must not permit the introduction of impermissible propensity evidence merely by relabeling it as ‘corroborative’ or as evidence of a ‘common scheme or plan.’” The Court went on to define the verb “corroborate” in part by stating that “the testimony of a witness is said to be corroborated when it is shown to correspond with the representation of some other witnesses, or to comport with some facts otherwise known or established.” Id. at 54, 205 P.3d at 1190 (quoting Black’s Law Dictionary 311 (5th ed.1979)). That definition requires that the corroboration come from a different witness or other independent source of facts and does not encompass one witness bolstering her own allegations by making some additional, different allegations. See State v. Witmer, 174 Neb. 449, 118 N.W.2d 510, 512 (1962) (“If a witness testifies that criminal intercourse was had upon one day, the fact that she testifies that a like act was had upon another occasion does not corroborate her testimony.”).
Fortunately for the State, however, there was other evidence of H.O.’s prior disclosure. As noted in the majority opinion, Detective White testified that H.O. had reported sexual abuse by Osterhoudt when she was five years old. That testimony, which is not challenged by Osterhoudt on appeal, plainly was relevant to rebut the defense theory that H.O. was motivated by Osterhoudt’s impeding her relationship with her boyfriend. I conclude that after Detective White, an independent source of the information, had testified to the prior disclosure, H.O.’s own testimony verifying that she had disclosed abuse when she was five years old was at least marginally relevant to corroborate Detective White’s testimony. I also concur with the majority’s conclusion that the probative value of H.O.’s testimony on this point was not outweighed by the risk of unfair prejudice. Therefore, I concur in the ultimate conclusion that H.O.’s testimony was properly admitted, but only for the purpose of corroborating Detective White, and not for the purpose of corroborating herself by purportedly rebutting the defense theory of recent fabrication.

. Indeed, our hearsay rule expressly provides that evidence of an out-of-court statement is not *877 inadmissible hearsay if it is consistent with the declarant's testimony and offered to rebut a charge against a declarant of recent fabrication or improper influence or motive. Idaho Rule of Evidence 801(d)(1).