IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44774

| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 383 |
|---|---|---|
| Plaintiff-Respondent, | )<br>)<br>) | Filed: March 7, 2018 |
| v. | )<br>) | Karel A. Lehrman, Clerk |
| MICHAEL ERIC HAGER, | )<br>) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | )<br>)<br>) | OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |
|  | ) |  |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael Eric Hager appeals from the judgment entered upon the jury verdict finding him guilty of felony domestic violence, Idaho Code §§ 18-903(2), 18-918(2), and attempted strangulation, I.C. § 18-923. He contends the district court abused its discretion by allowing improper evidence to be admitted.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hager and the victim were married in 2014 and divorced the following year. Several months later, they started to date again. In March of 2016, they were drinking together at a bar when Hager brought up an incident that had occurred previously when Hager witnessed a man flirting with the victim when Hager arrived to pick her up from a bar. After bringing up the prior incident, an argument ensued. Hager left the bar and walked home and the couple subsequently exchanged heated text messages, which included the victim telling Hager she was done trying to

1

make the relationship work because he continues to bring up the past and Hager's response, "Ok we are done." After several more disparaging messages, the victim then also left the bar and drove her automobile to the home they shared. Both Hager and the victim were employed as truck drivers and she had her semi-truck parked in the driveway of the home where they both resided. After she drove to their home in her car and parked, she started her semi-truck and went into the home to gather some clothes and returned to her truck.

The victim testified that Hager followed her on to the driveway and pushed her into the side of the truck. Hager testified that he wanted to stop her from driving while intoxicated and reached inside to take the keys. Both assert the other was the aggressor in the physical altercation that followed. At some point, the victim was able to close the driver's door and lock Hager outside. He testified he moved around the truck looking for a way to turn off the truck, whereas the victim testified he was banging on the windows and eventually appeared to calm down. In any case, she opened the driver's door of the truck. Hager testified that he removed the keys at this point and the victim testified that he again attacked her and choked her. Police arrived at the scene shortly thereafter in response to a call from a concerned neighbor.

As a result of the altercation, the State charged Hager with attempted strangulation and domestic battery resulting in traumatic injury. The jury found Hager guilty on both charges. The court imposed a unified sentence of fifteen years with five years determinate for attempted strangulation, and a consecutive term of five years indeterminate for the domestic battery charge. Hager timely appeals.

## II.

## ANALYSIS

Hager requests this Court vacate his judgment of conviction and remand the case for a new trial based on his contention that the district court allowed improper evidence to be admitted. During the jury trial, the prosecutor asked the victim to testify regarding the previous incident when Hager witnessed another man flirting with the victim as Hager arrived to pick her up. Hager's counsel objected on the grounds that the testimony would introduce improper evidence of prior specific acts:

Defense Counsel:     While we are here, I object to the relevance of the past acts.
Court:               What past acts? This is leading up to the incident.
Prosecutor:          Uh-huh.
Defense Counsel:     You're talking about this was the night of?

2

| | |
|---|---|
| Prosecutor: | No. What she will say is that he--thereafter he would frequently bring that up and they would argue over it because he would be basically irritated with her behavior that night. This was a common source of argument. |
| Defense Counsel: | I would say this is bringing in prior specific acts. |
| Court: | There's no act of violence. The reason for their fighting is like saying we fought over money, there's times she got mad at me. I think it's 404(b) kind of stuff, setting the scene for the relationship stuff. So I'm going to overrule your objection. |

After the district court overruled the objections, the victim proceeded to testify regarding the prior incident and stated that she and Hager were arguing about the incident at the bar and via text messages prior to the altercation.

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The State contends that evidence Hager was upset about a prior incident on the night of the altercation is not a prior or other act and therefore not Idaho Rule of Evidence 404(b) evidence and is admissible, or alternatively, that even if the I.R.E. 404(b) analysis is utilized, the conclusion is the same. Conversely, Hager asserts that had the district court correctly applied the I.R.E. 404(b) analysis, it would have concluded the evidence was improper. The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses

3

pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Hager does not challenge the existence of the prior argument as an established fact. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Hager cites *Grist*, 147 Idaho at 52, 205 P.3d at 1188, to support his argument that the court's failure to properly conduct the Rule 404(b) analysis is reversible error. Hager argues the victim's testimony regarding the prior incident was only presented to establish Hager's character and his propensity to act consistently therewith, and that it was not relevant for a non-propensity purpose. He contends the judgment of conviction should be reversed because the court failed to identify a non-propensity purpose and did not conduct a balancing test. Hager also cites *State v. Kralovec*, 161 Idaho 569, 573-74, 388 P.3d 583, 587-88 (2017), for its ruling that the admission of evidence merely to provide context when that evidence is not otherwise admissible is

4

prohibited. However, in this case, the evidence was admitted to show that Hager was angry with the victim on the night in question and was the reason that led him to commit the actions which resulted in his arrest. The initial argument leading up to the criminal conduct not only became a part of the episode, it was the source of the altercation--the motive. This is consistent with the prosecutor's statement in response to Hager's objection below that Hager was "irritated with her behavior that night" and it "was a common source of argument."

Evidence of motive is relevant "when the existence of a motive is a circumstance tending to make it more probable that the person in question did the act." *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014). Hager contends that any testimony that they were arguing about the prior incident does not tend to prove either her or his version of the fight that occurred in the victim's truck that night. He further contends that because the evidence in question relates to verbal arguments while the charged conduct relates to physical conduct, the prior argument is irrelevant since it does not make it more or less likely Hager physically assaulted the victim.

Contrary to Hager's position, the evidence in question does tend to prove the victim's version of the fight that occurred.[1] The testimony regarding the prior incident was not a prior or other act as Hager asserts, it was introduced because the couple were discussing it prior to the altercation.[2] In fact, the discussion led to Hager leaving the victim alone at the bar because the exchange had become so volatile. The couple continued to argue about the prior incident via text messages until shortly before the victim returned home and the physical altercation occurred. Further, Hager's claim that the evidence in question did not show he physically assaulted the victim actually works in favor of the State's argument that the evidence was not introduced to show he "acted in conformity therewith." As noted by the court, "[t]here's no act of violence." Thus, this fact supports the argument that the evidence was introduced for proper and relevant purpose.

Hager argues that even if the evidence is relevant that the risk of undue prejudice substantially outweighs any substantive value. He claims the jury could conclude that because he used the prior incident in which he acted unreasonably to provoke subsequent arguments, he was doing so again, instead of trying to stop the victim from driving, based on his concern she

---

[1] Hager argues that the fact that there was a previous argument does not make it more probable that there was a physical altercation. We disagree.

[2] The challenged evidence is not prohibited propensity evidence. Hager's "propensity" to argue or be jealous was not charged.

5

had been drinking. He asserts the risk of undue prejudice is substantial because it was necessary for the jury to make a credibility determination between the victim's and Hager's versions of events, and the jury might convict him on his character rather than the charged conduct.

As the court noted, this prior argument did not involve violence; it was just an argument relating to "relationship stuff." Moreover, Hager's assertion that he was concerned about the victim driving and was only trying to remove her keys seems disingenuous in light of the fact he had already left her alone at the bar earlier with her car while he left on foot. When they continued to argue and eventually broke up via text messages she wrote: "I will b over to get my stuff…get in my truck..n b gone!! I will have someone come get my car soon," to which he replied, "Fine." He also wrote several derogatory comments including calling her a "b----" and writing "f---" you twice. There is no risk of unfair prejudice. The evidence in question was the basis of the argument, the couple's breakup, and motive for the resulting physical altercation.[3]

The probative value of presenting the motive for the verbal argument and resulting physical fight is not substantially outweighed by the danger of unfair prejudice to Hager. The court did not abuse its discretion when it allowed the evidence in question to be admitted.

### III.

### CONCLUSION

The district court did not abuse its evidentiary discretion. Hager's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[3] Quite simply Rule 404(b) does not, and *Kralovec* does not, prohibit evidence of the occurrence other than the violence itself. It is entirely relevant for the jury to know what happened that might account for the physical violence that is alleged to have actually occurred.