**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50518**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: August 26, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| KIRK PAUL YERTON, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for felony domestic battery with traumatic injury and misdemeanor domestic battery, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Kirk Paul Yerton appeals from his judgment of conviction for felony domestic battery with traumatic injury and misdemeanor domestic battery. Yerton argues the district court erred in denying his motion for a mistrial because the jury heard improper Idaho Rule of Evidence 404(b) evidence, and the State did not give Yerton notice that he would have to rebut the allegation. The district court did not err in denying Yerton's motion for a mistrial. Yerton's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After a domestic dispute between Yerton and his wife Deborra, the State charged Yerton with two counts of felony domestic battery with traumatic injury, Idaho Code §§ 18-918(2), -903(a). The case proceeded to a jury trial. At trial, an emergency medical technician

1

(EMT), Ms. Cole, testified about responding to Yerton and Deborra's residence. Cole testified that when she arrived, Deborra "appeared to be bloody and upset," and Cole observed that Deborra had "dried blood on her forearms." Cole testified that Deborra informed her that Deborra "had gotten into an argument with [Yerton] and he had hurt her, he had grabbed her by the wrists and by the hair and threw her down." The prosecutor later asked Cole how Deborra reacted when she found out Yerton was being arrested. Defense counsel objected based on relevance and that the statement was not being made for a medical purpose or diagnosis; the district court overruled the objection on both bases. Cole answered that Deborra "became very tearful and upset and scared." In response, the prosecutor asked if Deborra said anything or voiced any concerns; Cole testified that, "[Deborra] had stated that threats had been made to her from [Yerton] if she had called the police." Defense counsel again objected and asked for a bench conference.

Defense counsel moved for a mistrial, arguing that:

> Judge, we were under the understanding that the witness was specifically directed not to talk about prior threats that she alleges were made by Mr. Yerton. The testimony that she just gave was that there had been prior threats made and that she was scared. I do think that's unnoticed 404(b), and I do think that it is grounds for a mistrial. That is highly prejudicial prior bad acts.

The prosecutor responded by arguing that Cole's statement fell under the hearsay exceptions for either excited utterance or then existing mental, emotional, or physical condition. The district court interrupted the prosecutor and informed them that the "driving concern is whether the State just elicited 404(b) evidence, [ ], and whether the State elicited 404(b) evidence that the State had an agreement with defense counsel would not be elicited at trial." The prosecutor responded that there was no agreement with defense counsel, that Cole's testimony about Deborra's statement was not referring to a prior bad act under I.R.E. 404(b), and the State was trying to elicit more details about the reaction but not about any prior threats. Defense counsel argued that the State did not file an I.R.E. 404(b) notice in the case and once it elicited the testimony that the victim was upset and emotional, it did not need to try to elicit any further information. The district court ruled that Cole's answer constituted I.R.E. 404(b) evidence, took the matter of a mistrial under advisement, and indicated that it would instruct the jury to disregard the answer.

After both sides concluded the presentation of their cases, the district court issued an oral ruling on Yerton's motion for a mistrial. The district court denied Yerton's motion, finding that the district court's verbal instruction to the jurors to disregard the statement made by Cole

2

minimized any potential prejudice. Next, the district court found that any inference of propensity in violation of I.R.E. 404(b) or I.R.E. 403 would be speculative because Cole's testimony was only a general statement regarding threats, not testimony about any specific threats and thus, it was insufficient to justify a mistrial.

The jury found Yerton guilty of one count of misdemeanor domestic battery and one count of felony domestic battery with traumatic injury. Yerton appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Yerton argues the district court erred in denying his motion for a mistrial because although the district court correctly concluded Cole's testimony was unnoticed I.R.E. 404(b) evidence, the admission of the evidence was inherently prejudicial to his case. Yerton also argues the district court's curative instruction was insufficient because of the highly prejudicial nature of the evidence admitted. The State argues the district court erred in determining that Cole's statement fell within I.R.E. 404(b) and was not unnoticed I.R.E. 404(b) evidence. Alternatively, the State contends the district court did not err in denying Yerton's motion for a mistrial.

3

Idaho Rule of Evidence 404(b) provides:

> (1)    Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)    Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case, the prosecutor must:
> > (A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > (B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009).  Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred.  If so, then the trial court must consider:  (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

The challenged testimony is as follows:

STATE:        Okay.  And finally, before we wrap up here, how did Ms. Yerton react when she found out that her husband was being arrested?

DEFENSE:    Objection, relevance.  Also statement not made for medical purposes or diagnosis.

COURT:        It's overruled.

STATE:        You can go ahead and answer.

COLE:          She became very tearful and upset and scared.

STATE:        Did she say anything?  Did she voice any concerns?

COLE:          Yes, she had stated that threats had been made to her from her husband if she had called the police.

Defense counsel objected and after hearing argument, the district court stated that, "I agree that that's 404(b) evidence. It's propensity evidence." However, later, the district court ruled:

> I'm going to deny the motion for mistrial. First and foremost, I think given the Court's verbal instruction for the jurors to disregard the statement made by the witness that was at issue, I think that minimizes any potential prejudice. After going back and reviewing the testimony again as well, I think any speculation on propensity in terms of being prohibited by 404(b) or 403 would be speculative because the testimony by the witness was just there were threats, there was no specific threats of violence or specific threats. It was sort of this general statement of threats.

The State argues that Cole's statement was not I.R.E. 404(b) evidence because it was not made to prove Yerton's character of threatening behavior or to establish that he was acting in accordance with that threatening behavior. Instead, the State argues that Cole's statement was offered only to support her observation that Deborra was upset when the police arrived. In his reply brief, Yerton argues the district court did not err in determining that the introduction of Cole's testimony was inadmissible I.R.E. 404(b) evidence because a threat is a "wrong" act, and potentially a crime. Yerton also argues that the State failed to identify which I.R.E. 404(b) exception applied.

Yerton argues the district court erred in denying his motion for a mistrial because the State introduced unnoticed I.R.E. 404(b) evidence. However, in this case, although the district court initially held that Cole's testimony constituted I.R.E. 404(b) evidence, in its ruling denying Yerton's motion for a mistrial, the district court found that Cole's testimony did not constitute I.R.E. 404(b) evidence. The district court held that classifying Cole's testimony as propensity evidence would be speculative because it was a general statement of threats that lacked specificity. Yerton's argument rests on the factual premise that the district court held the evidence was unnoticed I.R.E. 404(b) evidence. But that factual premise changed when the district court reversed itself and concluded the evidence was not I.R.E. 404(b) evidence. In his opening brief, Yerton does not challenge the district court's ultimate conclusion that Cole's statement did not constitute I.R.E. 404(b) evidence. Failure to challenge the district court's ultimate ruling results in a waiver of that argument on appeal because a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Although Yerton addresses the issue of whether Cole's testimony constituted I.R.E. 404(b) evidence in his reply brief, this Court does not consider arguments raised for the first time in an appellant's reply brief. *State v. Carrasco*, __ Idaho __, __, 566 P.3d 474, 478 (Ct. App. 2025).

5

In his opening brief, Yerton "agrees with the district court that the State introduced unnoticed I.R.E. 404(b) evidence." However, he does not address the district court's later holding that Cole's testimony was not I.R.E. 404(b) evidence. Because Yerton did not challenge the district court's later conclusion that Cole's statement was not I.R.E. 404(b) evidence, he has waived any claim of error regarding the admission of the evidence.

Even so, Yerton fails to show that the district court's instruction to the jury was insufficient to cure any harm from the statement. Yerton argues that "considering the highly prejudicial nature of 404(b) evidence admitted in this case," the curative instruction was insufficient. However, despite that conclusory statement, Yerton provides no explanation why a statement about a generalized threat is so "highly prejudicial" that the curative instruction was insufficient, resulting in a waiver of the argument on appeal. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Thus, the district court did not err in denying Yerton's motion for mistrial.

## IV.

## CONCLUSION

Yerton failed to challenge the district court's finding that Cole's testimony did not constitute I.R.E. 404(b) evidence, so his arguments on appeal are waived. In addition, Yerton failed to show prejudice in light of the district court's instruction to the jury. The district court's order denying Yerton's motion for mistrial and Yerton's judgment of conviction are affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

6