IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47358

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

MARK CHARLES WILSON,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 14, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction and sentence for first degree murder, and district court's order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian Dickson and Elizabeth Ann Allred, Deputy Appellate Public Defenders, Boise, for appellant. Elizabeth Ann Allred argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

GRATTON, Judge

Mark Charles Wilson appeals from the district court's judgment of conviction and sentence for first degree murder. Wilson argues that the district court erred by: (1) allowing the State to present improper evidence; (2) imposing an excessive sentence; and (3) denying Wilson's Idaho Criminal Rule 35 motion. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wilson was charged with murder in the first degree, Idaho Code § 18-4003(a), and a weapons enhancement, I.C. § 19-2520, for the death of Pat Brown. The charges arose after Wilson called law enforcement and reported that he shot Brown with a twenty-two caliber firearm. When

officers arrived at the scene, Wilson was on the front porch of the home and was drinking a beer and talking on the telephone. Wilson informed officers that Brown was in the basement. An officer began searching for and located Brown in the basement. Brown was lying face down with a single gunshot wound to the back of her head. Brown was still alive, but had blood coming from her head and mouth. Paramedics assisted Brown and then transported Brown to a local medical clinic where she died from the gunshot wound.

Thereafter, officers arrested Wilson and transported him to the police station where Wilson underwent questioning. Wilson's interview was recorded on the interviewing officer's body camera and the camera installed in the booking room. During the interview, Wilson explained that he and Brown lived together for three years and were frequently arguing. Wilson indicated that the two had been arguing on the day of the incident. Wilson explained that he went to the neighbor's house to borrow a gun. Wilson stated that he told the neighbor that he needed to borrow the gun to kill some sick cats. During the interview, Wilson acknowledged that he knew he was not permitted to possess a firearm because he was a convicted felon, a fact that was unknown to the neighbor. Wilson told the officer that his plan in borrowing the gun was to kill the cats or kill himself. Instead, Wilson admitted that he shot Brown.

In a follow-up interview at the jail, Wilson told the interviewing officer that when he returned home from borrowing the gun, he went into his residence and left the gun in his vehicle. Later, Wilson retrieved the gun from his vehicle and placed it inside the front door. Thereafter, Wilson again moved the gun by retrieving it from the front door and placing it behind the upstairs bedroom door while Wilson used the restroom. After using the restroom, Wilson explained that he retrieved the gun and went to the basement where Brown was located. Wilson alleged that his plan was to shoot himself in front of Brown, but instead, he shot Brown in the back of the head. Ten minutes later, Wilson called law enforcement. Based on those events, the State charged Wilson with first degree murder.

Prior to trial, Wilson filed a motion in limine to prevent the State from introducing evidence at trial that Wilson was a convicted felon. In addition, the State filed a notice of its intent to introduce Idaho Rule of Evidence 404(b) evidence of the factual details underlying Wilson's prior felony, which involved Wilson's attempt to kill another individual by breaking her neck. The district court held a hearing on the parties' motions. Ultimately, the district court ruled that it would allow the State to present the un-redacted recordings of Wilson's initial police interview in

which Wilson acknowledged that he was a convicted felon and was not permitted to possess a firearm. However, the district court ruled that the State would not be allowed to delve into the facts of the underlying felony unless Wilson opened the door to such a discussion.

At trial, the State introduced the recordings of Wilson's initial police interview through Exhibits 16 and 18. The State played for the jury the un-redacted recordings, which mentioned Wilson's felony status and the fact that Wilson was not supposed to possess a firearm. The jury found Wilson guilty of first degree murder. The district court sentenced Wilson to life imprisonment with thirty years determinate for first degree murder and an additional five years indeterminate for the weapons enhancement. Later, Wilson filed an Idaho Criminal Rule 35 motion for leniency. The district court denied Wilson's motion. Wilson timely appeals.

## II.

## ANALYSIS

Wilson argues that the district court erred by allowing the State to present evidence of his prior felony conviction, imposing an excessive sentence, and denying his I.C.R. 35 motion. We will address each of these contentions in turn below.

### A. Challenged Evidence

Wilson argues that the district court abused its discretion by admitting evidence that he was a convicted felon. In response, the State argues that the district court did not err by admitting evidence that Wilson was a convicted felon and, even if the district court erred, any such error was harmless beyond a reasonable doubt.

This Court reviews a trial court's decision admitting or excluding evidence under an abuse of discretion standard. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

As noted, prior to trial, Wilson filed a motion in limine to exclude evidence of his prior conviction under I.R.E. 609 and I.R.E. 404(b). Within the motion, Wilson requested that (1) the court instruct the State's witnesses not to mention Wilson's felony status at trial, and (2) reference to Wilson's felony status be redacted from the recordings of Wilson's initial police interview.

3

Later, the State filed a notice of its intent to introduce I.R.E. 404(b) evidence. In its motion, the State sought permission to introduce detailed evidence of Wilson's prior felony conviction, which involved Wilson's attempt to kill another individual by breaking her neck. The district court held a hearing on the parties' motions. At the hearing, Wilson again requested that the district court exclude any evidence of Wilson's prior felony conviction. In addition, Wilson expanded his argument and requested that the district court also exclude any evidence that Wilson knew he was not allowed to possess a firearm. After hearing from the State, the district court stated:

> As to the--and as to the body cam and jail cam footage, counsel makes a good point, I guess, that they do have to prove--this is a first-degree murder. They do have to prove premeditation. They've got to prove malice aforethought. And your client's state of mind, of how he came into possession of this firearm, knowing that he was not able to have a firearm, seems to have some relevance to his willingness and his state of mind, to be willing to go ahead and risk getting a firearm, putting it in his possession and then what ultimately happened. It seems to have some relevance, I guess.

Wilson acknowledged that the evidence was relevant to his state of mind when Brown was killed. However, Wilson argued that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The district court concluded as follows:

> All right, all right. Well, on that particular issue, I have given some thought. And I'm familiar with Rule 403, 404(b), as well as 609, as far as how it relates to proving character for truthfulness, based upon prior convictions.
> I think the state's argument is a compelling argument, that they're entitled to present their case, and they're entitled to present their theory of the case of why this was premeditated, and the malice aforethought involved. And so I think that the defendant's state of mind and how he--what he did in leading up to this incident, how he came in possession of a firearm and the circumstances, and his state of mind, knowing that he was ineligible to have a firearm but yet still willing to go to those--go to whatever lengths to obtain possession of a firearm is relevant.
> And to the issues in this case, I think that relevance outweighs any prejudicial impact of just the fact that he had a prior felony conviction. There's no reference to what that prior felony conviction was.

After some intervening comments, the district court continued:

> Well, the court, in weighing--it is an issue of discretion, and I recognize that. I think that the application of Rule 403 and 404(b), as well as considering 609--although it's not being used specifically as impeachment, it is reputation for truthfulness in this context. The court considers that rule in this context as well. I do believe that it's very probative and very relevant to the state's elements of the case that they must prove, as far as premeditation and malice and defendant's state of mind. So I am going to allow that tape recording, unredacted, even though it does make reference to the fact that the defendant has a prior felony conviction.

4

At trial, over Wilson's objection, the State admitted the un-redacted recordings (State's Exhibits 16 and 18) of Wilson's police interview in which Wilson mentioned his felony status. However, there was no other reference to Wilson's felony conviction at trial.

On appeal, Wilson argues that the district court erred by allowing the State to introduce evidence of Wilson's prior felony conviction under I.R.E. 404(b) and I.R.E. 609. Specifically, as it relates to I.R.E. 404(b), Wilson contends that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under I.R.E. 403. In regard to I.R.E. 609, Wilson argues that the State conceded below that the evidence was not admissible under I.R.E. 609, and nonetheless the district court allowed the evidence pursuant to that rule. Wilson continues that, regardless of the State's concession, the evidence was not used for any of the purposes permitted by I.R.E. 609 and the district court erred by allowing the State to present the evidence under I.R.E. 609.

In response, the State first argues that the district court did not abuse its discretion by admitting evidence that Wilson has a prior felony conviction and was not supposed to possess a firearm under I.R.E. 404(b) because that evidence was highly probative to show Wilson's malice aforethought and premeditation. In addition, the State contends that even if the district court erroneously admitted the evidence under I.R.E. 404(b), error in its admission was harmless beyond a reasonable doubt in light of the other evidence presented at trial. Second, the State argues that the evidence was not admitted under I.R.E. 609 and even if the district court did erroneously admit the evidence under that rule, any error was harmless.

As an initial matter, Wilson only challenges the admission of the evidence that he was a convicted felon and does not challenge the admission of evidence of the fact that Wilson knew he was not supposed to possess a firearm. In addition, the parties agree that the challenged evidence, i.e. Wilson's prior felony conviction, is not admissible under I.R.E. 609. As such, we need not analyze the challenged evidence under I.R.E. 609 regardless of the district court's passing reference to I.R.E. 609 as part of its ruling. Thus, the sole issue on appeal is whether the district court erred by admitting the evidence that Wilson had a prior felony conviction under I.R.E. 404(b).

Rule 404(b), provides, in relevant part:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

5

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must:

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence under Rule 404(b), the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

In this case, Wilson does not challenge the existence of his prior felony conviction as an established fact. In addition, Wilson concedes that the challenged evidence is relevant.[1] Therefore, we address only whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

We conclude that the district court did not err in admitting the challenged evidence. The district court, as set forth above, clearly recognized its discretion and the legal standards applicable to admission of the evidence. The district court correctly stated that because the evidence was admittedly relevant, admissibility boiled down to balancing the probative value of the evidence against the danger of unfair prejudice. Further, the court articulated the significance in this case of Wilson obtaining and handling the firearm as proof of premeditation. The district court

---

[1]     As noted, Wilson conceded that the evidence was relevant below. On appeal, Wilson expressly recognizes that he is confined to argue that the evidence is relevant on appeal but contends that the evidence has minimal relevance.

exercised reason in expressly balancing the probative value of the evidence against the danger of unfair prejudice and finding that the probative value, under these circumstances, outweighed any unfair prejudice.

While evidence of a prior felony carries a prejudicial effect, it is not per se more unfairly prejudicial than probative. Premeditation and malice aforethought were the central issues in this case. As noted, Wilson objected in the district court to the evidence that he knew he was not supposed to have a firearm, but does not assert that issue on appeal. Adding the contemporaneous statement that it was because of a prior felony, while excluding evidence of the nature of the felony, was not unfairly prejudicial. The evidence did not suggest that if Wilson did it before he likely did it this time; it only put in context why he admittedly was not supposed to have a firearm. The circumstances of Wilson (wrongfully) obtaining a firearm, moving it from place to place, and shooting Brown were highly relevant. The mere fact that he knew he was not supposed to possess a firearm because of a prior felony is not unfairly prejudicial under the circumstances. Consequently, Wilson has failed to show that the district court erred. Because we conclude that the district court did not err in admitting the challenged evidence, we need not consider whether any such error was harmless.

**B. Sentencing**

Wilson acknowledges that his sentence does not exceed the statutory maximum, but nonetheless argues that the sentence imposed by the district court is overly harsh, the district court failed to "sufficiently" consider the sentencing goal of rehabilitation, and the sentence is unnecessary in light of mitigating evidence. Specifically, Wilson claims that his sentence is excessive in light of evidence of his ability to rehabilitate and the fact that he immediately took responsibility for his actions by calling the police.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution

7

applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As noted above, the district court sentenced Wilson to life imprisonment with thirty years determinate for the first degree murder charge and five years indeterminate for the weapons enhancement. The sentence imposed by the district court is not unreasonable. The district court expressly considered the facts of the case, Wilson's criminal history, the presentence investigation report, and each sentencing objective before imposing Wilson's sentence. The district court explained that the jury was justified in making its decision and Wilson has had no explanation for the murder. The court explained that Wilson murdered Brown in a "very callous way" by shooting Brown at such a close range, and by Wilson's subsequent acts of closing the bedroom door, leaving Brown in the dark basement bedroom still alive, going upstairs to get a beer, and waiting ten minutes before calling law enforcement. Upon review of Wilson's criminal history, the court expressed concern with the similarities of Wilson's prior offense in which Wilson attempted to kill his sister-in-law after Wilson became frustrated that his sister-in-law was not allowing Wilson to communicate with his brother. The court stated:

> [T]hat prior offense is of great concern.
> . . . .
> It is clear from that incident report that you very much intended to kill her and to take her life and that you were trying to strangle her, you were trying to break her neck. And when you were being interviewed by the police, you made it very clear that you intended to kill her, that you didn't understand why you couldn't break her neck, as it appears on the TVs and so forth. But that was certainly your intent, and you made no apologies for what you were trying to do in that case either.
> . . . .
> And like in that case, and now the case before the court, you make very callous admissions to the police that, yeah, I did it. I messed up. I don't know why. And had really no explanation as to why you acted as you did.

The district court read the PSI and reviewed the psychological evaluator's conclusion that Wilson has suffered from alcohol dependency the majority of his adult life and meets the criteria for Intermittent Explosive Disorder. Based on its review of the report, the district court stated: "the danger to society that you pose is severe, according to [the psychological evaluator], when you have been

8

drinking. . . . [And] the exact same thing could happen again with all of those events [i.e. the use of alcohol and Wilson's intermitted explosive disorder] combining." In addition, and contrary to Wilson's assertion, the district court appropriately recognized that Wilson had been given opportunities for rehabilitation in the past and had done fairly well on parole from his past conviction before relapsing. However, the district court explained: "That's the second time that you've tried to kill an individual, with this time being successful." Based upon the facts of the case, the court found that the protection of the public, deterrence to Wilson, and deterrence to the general public were the overriding factors in this case. We agree. Wilson has failed to demonstrate that the sentence is unreasonable. Based upon an independent review of the record, we conclude that the sentence imposed is appropriate to protect society and further the other sentencing objectives; thus, the district court did not abuse its discretion in imposing Wilson's sentence.

## C.     Idaho Criminal Rule 35 Motion

Wilson argues that the district court abused its discretion by denying his I.C.R. 35 motion. Specifically, Wilson contends that the district court's statements at the hearing on Wilson's I.C.R. 35 motion demonstrate that the district court did not understand the scope of its discretion. In addition, Wilson contends that the new evidence that he submitted in support of his motion justified a reduction in his sentence.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In support of his I.C.R. 35 motion, Wilson presented four exhibits which he argued were unavailable to him during sentencing. The first piece of evidence was a bid from Wilson's cleaning service to Wells Fargo which Wilson presented in order to address questions at trial regarding whether or not Wilson worked or contributed to the household. The second, third, and fourth exhibits were greeting cards that were written by Brown and given to Wilson which Wilson presented in order to show the relationship between Wilson and the victim. Based upon that evidence and the arguments he

9

presented at the initial sentencing hearing, Wilson requested that the district court reduce his determinate term to ten years. In denying Wilson's motion, the district court made two statements with which Wilson takes issue. First, the district court stated at the hearing that "it's not required to consider the Exhibits A through D that were submitted." In regard to the evidence presented, the district court stated in its written order that the court denied Wilson's motion in part because "[t]he Defendant provided no new information convincing the Court that the sentence should be reduced." Second, at the hearing, the district court noted that a decision to reduce the sentence in this case may effect a sentence in a separate case that was to run consecutive to Wilson's sentence in this case.

Based on those statements and the evidence presented, Wilson argues that the district court did not recognize its discretion and erred by denying his I.C.R. 35 motion. We disagree. The district court admitted and expressly considered Wilson's exhibits. The district court did not say that Wilson did not present new information, but that Wilson did not present new information "convincing" the court that the sentence should be reduced. In addition, there is no indication that Wilson's separate sentence factored into the court's consideration on Wilson's motion. Rather, the court thoughtfully summarized the reasons for imposing Wilson's original sentence. Thereafter, the court stated that even reducing the sentence to twenty-five years determinate, which would be the "most [the court] would have ever been willing to do" would not "send[] the correct message under the circumstances," and the court did not feel "that[] [was] even justified." The district court recognized its discretion and found that the reasons presented by Wilson did not justify reduction of Wilson's sentence. Upon review of the record, we conclude that no abuse of discretion has been shown.

### III.

### CONCLUSION

The district court did not err in admitting the evidence of Wilson's prior felony. Moreover, Wilson has failed to show that the district court abused its discretion when it imposed his sentence or denied his I.C.R. 35 motion. Therefore, Wilson's judgment of conviction and sentence for first degree murder and the district court's order denying Wilson's I.C.R. 35 motion are affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

10